# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| VAMSIDHAR VURIMINDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10CV965 |
| | ) | |
| JASON LINK, KRISTOFFER SINGLETON, DAVID R. MITCHELL, MOIRA RINGO, DOUGLAS BASHAR, JOHNNY WILLIAMS, JOHN DOHNAL, ALISSANDRO CASTILLO, ROBERT ROSS, SUDHEER DHARANIKOTA, SUNIL BALASAHEB PATIL, AMIT KHARE, PETER WALTON, EUGENE WHITE, RAJIV PRASAD KOLAGANI, PRATIBHASH CHATTOPADHYAY, JENNIFER ERICKSON, SETH GILLESPIE, SHANA KEATING, GREGORY VALENTINE, PRADEEP RAJAGOPAL, RAJIV PATNAIK, LEI ZHU, JOHN ESPEY, SANJAY MISHRA, SANKAR RAMESH, KEVIN GIUSTI, SREEDHAR MANJIGANI, JILL STOWE, and PRANAB MAJUMBAR, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the Defendants' motion to dismiss Plaintiff's

Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 18.) This motion has

been fully briefed. The Court will grant Plaintiff's "motion for leave of absence."[1] (Docket No. 30.) For the reasons stated herein, the Court concludes that Defendants' motion to dismiss should be granted and that this action should be dismissed with prejudice.

## FACTS, CLAIMS, AND PROCEDURAL HISTORY

The following factual allegations are made in Plaintiff's Amended Complaint. (Docket No. 16, Attach. 4 ("Am. Compl.").) Plaintiff, who is proceeding pro se, filed a 65-page Amended Complaint which relates his experiences as a Duke University weekend MBA student in 2008 and 2009. (*Id*.) The Defendants are several of his fellow classmates and two of his professors. Plaintiff's first cause of action is for tortious interference with his contract with the Duke University Fuqua School of Business ("the School"). (*Id*. at 51-59.) His second cause of action is for intentional infliction of emotional distress. (*Id*. at 59-63.) Plaintiff apparently successfully completed his course of study but seeks damages from Defendants. (*Id*. at 63-64.)

Plaintiff alleges that before he applied to the weekend MBA program, he met with an Assistant Dean of Admissions who told him that the School would offer courses in business writing and real estate finance, and that two programs, the Center for Entrepreneurship and Innovation (CEI) and the Center for Advancement of Social Entrepreneurship (CASE) would

---

[1] Plaintiff states that he will be out of the country until October 20, 2011, and requests an extension of time until October 30, 2011, to file any required responses in this action. (Docket No. 30.)

assist him in preparing a detailed business proposal for the purchase and development of vacant lots in Philadelphia, where Plaintiff resides. (*Id*. ¶ 1.) Plaintiff started classes after receiving these assurances.

Once Plaintiff began attending the School, he alleges that he became the victim of a wide conspiracy, the primary purpose of which was to force Plaintiff to quit the School. (*Id*. ¶¶ 99, 105.) Plaintiff describes in detail how his fellow students alienated him, insulted him, suggested that he had committed past misconduct, and threatened to destroy his reputation. (Am. Compl.) Plaintiff alleges that Professor Jill Stowe picked on him in class and gave him a failing grade. Professor Majumder teased Plaintiff and prevented CEI and CASE from offering Plaintiff assistance with his business ventures. When Plaintiff refused to leave the School, the students allegedly falsely accused him of carrying a gun on campus and violating the honor code.

Defendants argue that Plaintiff's Amended Complaint should be dismissed for failing to state a claim upon which relief may be granted and because Plaintiff's claims are barred by res judicata. (Docket No. 19.) Defendants contend that both claim and issue preclusion apply based upon earlier litigation filed by Plaintiff in Pennsylvania. *See Vurimindi v. Fuqua School of Business*, 2010 WL 3419568, No. 10-234 (E.D. Pa. Aug. 25, 2010). In that action, Plaintiff sued the School, 21 students in the weekend MBA program, as well as the employers of his classmates. The claims against the School, several of the employers, and one student, Mr. Sundberg, were dismissed with prejudice. (*Id*. at *1.) The claims against

the remaining students and two employers were dismissed without prejudice on the basis of a lack of personal jurisdiction. (*Id*. at *10-12.) Plaintiff's claim of tortious interference with his contract with the School against Mr. Sundberg was dismissed with prejudice because Plaintiff failed to allege facts showing that a contract existed between the School and him. (*Id*. at *12.) The court noted that although it dismissed the claims against Plaintiff's remaining classmates without prejudice, it "strongly encouraged [Plaintiff] to reflect upon the wisdom of proceeding with any of his claims against the Student Defendants . . . in any other jurisdiction." (*Id*. at *15.)

## DISCUSSION

### A. Standard

A plaintiff fails to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

### B. Tortious interference with contract

Defendants argue that Plaintiff's claim of tortious interference with contract is barred by issue preclusion because Plaintiff brought the same claim against his fellow student Mr.

Sundberg, and the Pennsylvania court dismissed it with prejudice upon finding that Plaintiff failed to plead sufficient facts of the existence of a contract. (Docket No. 19.) Plaintiff contends that because the Pennsylvania court dismissed other claims without prejudice, res judicata does not bar any of his claims in the present action. (Docket No. 22 at 10.) Plaintiff also argues that the Pennsylvania court misunderstood his stated facts. (*Id*. at 11.)

Issue preclusion requires that: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue was actually determined in the prior proceeding; (3) the determination of the issue was a critical and necessary part of the prior decision; (4) the prior judgment is final and valid; and (5) the party against whom preclusion is asserted had a full and fair opportunity to litigate the issue in the previous forum. *Sedlack v. Braswell Servs. Grp., Inc.*, 134 F.3d 219, 224 (4th Cir. 1998).

The district court in the Eastern District of Pennsylvania actually determined that Plaintiff Vurimindi "failed to plead facts showing that he was a party to any contract with Duke." 2010 WL 3419568, slip op. at *7. In the present action, Plaintiff bases his claim of tortious interference with contract upon his purported contract with Duke University. (Am. Compl. ¶ 91.) Therefore, the identical issue must be determined in this action: Has Plaintiff pled facts which allow this Court to reasonably infer that he had a contract with Duke University. The district court's conclusion that he had not was the sole basis for dismissing his breach of contract claim against Duke and for dismissing Plaintiff's tortious interference claim against Mr. Sundberg, Plaintiff's fellow student. 2010 WL 3419568, slip op. at *7,

-5-

*12. This determination was therefore a critical and necessary part of the prior decision. That prior judgment is now final and valid. Finally, Plaintiff is the party against whom preclusion is being sought, and he had a full and fair opportunity to litigate this issue in Pennsylvania. Accordingly, all of the elements of issue preclusion are met.

Plaintiff contends that issue preclusion does not apply because the court dismissed some claims with and others without prejudice. Nonetheless, on Rule 12(b)(6) review the claims based upon an alleged contract with Duke were dismissed *with prejudice*. *See Lawson v. Toney*, 169 F. Supp. 2d 456, 462 (M.D.N.C. 2001) (Rule 12(b)(6) dismissal does not reach merits but acts as adjudication on the merits and precludes refiling of claim unless dismissal was without prejudice); *see also Stebbins v. Nationwide Mut. Ins. Co.*, 528 F.2d 934, 937-38 (4th Cir. 1975) (affirming dismissal of action on res judicata grounds even though prior decision was dismissed due to plaintiff's failure to follow preconditions to filing suit). Plaintiff's argument that res judicata should not apply in this action because other claims (not at issue in the present action) were dismissed without prejudice is frivolous.[2]

Plaintiff must show that a valid contract existed before he can successfully claim that Defendants interfered with his contract with the School. *See Sellers v. Morton*, 191 N.C. App. 75, 81, 661 S.E.2d 915, 921 (2008). Because Plaintiff is barred by issue preclusion

---

[2] Plaintiff's argument that the Pennsylvania court misunderstood his stated facts is one that Plaintiff could have raised on appeal but chose not to do so. (Docket No. 22 at 15 (Plaintiff states that he chose to start another action in this court rather than appeal that decision).)

from proving that such a contract existed, Defendants' motion to dismiss Plaintiff's tortious interference with contract claim should be granted.

Alternatively and additionally, Plaintiff has failed to adequately plead facts that would allow this Court to infer that a contract existed between the School and him. Plaintiff's allegations concerning his conversation with the admissions representative of the School do not allow this Court to reasonably infer that a meeting of the minds occurred and, thus, that a valid contract came into existence. (*See* Am. Compl. ¶ 1.) *See Giuliani v. Duke Univ.*, 2010 WL 1292321, No. 1:08CV502 (M.D.N.C. Mar. 30, 2010) (finding that allegations of breach of contract based on recruiters' oral statements do not meet *Iqbal* pleading requirements for definite and certain terms and a meeting of the minds.) Therefore, in addition to the effect of issue preclusion, dismissal of this claim is proper pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. 662.

Finally, a claim of tortious interference with contract also requires that the defendant know of the contract and intentionally induce a third person not to perform the contract. *Sellers*, 661 S.E.2d at 921. Although Plaintiff alleges that the Defendant students were aware of his alleged contract with the School, he fails to state facts which would allow this Court to reasonably infer that the students knew of his alleged contract and intentionally induced the School not to perform that contract. (Am. Compl. ¶ 98.)

For all of these reasons, Plaintiff's claim of tortious interference with contract should be dismissed.

C.  **Intentional infliction of emotional distress**

Plaintiff's sole remaining claim is that the Defendant students and professors intentionally inflicted emotional distress upon him. Defendants argue that claim preclusion based on the Pennsylvania action bars this cause of action. (Docket No. 19 at 6-10.) Claim preclusion requires: (1) a final judgment on the merits; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *Keith v. Aldridge*, 900 F.2d 736, 739 (4th Cir. 1990).

Defendants argue that this Court should find that the third element of claim preclusion, a mutuality of parties, has been abandoned in the Fourth Circuit. (Docket No. 19 at 9-10). However, in the case cited to support their argument, the court found that "it appears that the law of [the Fourth Circuit] at this time denies claim preclusion to nonparties." *Fate v. Dixon*, 649 F. Supp. 551, 557 (E.D.N.C. 1986); *see Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 315, 326-27 (4th Cir. 2007) (requiring for claim preclusion that the parties in the two actions be identical or in privity). Therefore, Defendants' argument that the mutuality requirement for claim preclusion has been abandoned in this circuit is not

persuasive.³

Defendants also contend that Plaintiff has failed to state a claim upon which relief may be granted based on his allegations of intentional infliction of emotional distress. (Docket No. 19 at 16-20.) The elements of this tort are: (1) extreme and outrageous conduct; (2) which was intended to cause and did cause; (3) severe emotional distress to another. *Chapman v. Byrd*, 124 N.C. App. 13, 19, 475 S.E.2d 734, 739 (1996). Most of the acts that Plaintiff attributes to Defendants do not approach the level of extreme and outrageous conduct. Mere insults, indignities, and threats are not enough; the conduct must exceed all bounds usually tolerated by decent society. *Guthrie v. Conroy*, 152 N.C. App. 15, 22-23, 567 S.E.2d 403, 408-09 (2002). Plaintiff repeatedly described Defendants' conduct as "school yard type harassment" and "verbal remarks." (Am. Compl. ¶¶ 2, 4, 5, 96.) Even Plaintiff's more serious allegations, such as that Defendants said that he carried a gun on campus, that he was a criminal and entered the country illegally, and that he was guilty of academic misconduct, fail to meet the stringent test for extreme and outrageous conduct. *See Tuck v. Turoci*, 188 N.C. App. 634, 656 S.E.2d 15, slip op. at *3, 9-10 (Feb. 5, 2008) (unpublished) (accusation that shelter manager illegally euthanized dogs not extreme and outrageous); *Johnson v. Colonial Life & Acc. Ins. Co.*, 173 N.C. App. 365, 618 S.E.2d 867, 873 (2005)

---

³ Defendants do not argue that the privity requirement is met in this action. Given the strict requirements for finding privity set out by the Fourth Circuit, any such argument would be futile in this action. *See Martin v. Am. Bancorporation Retirement Plan*, 407 F.3d 643, 651-52 (4th Cir. 2005).

(threats of losing job and false accusation that insurance salesman submitted false claim not extreme and outrageous); *Patel v. Scotland Mem. Hosp.*, 1995 WL 319213, No. 3:94CV284 (M.D.N.C. Mar. 31, 1995) (not extreme and outrageous conduct to spread falsehoods about professional performance resulting in denial of full privileges at hospital).

In addition, Plaintiff must allege sufficient facts for this Court to reasonably infer that Defendants intended to cause and did cause Plaintiff severe emotional distress. *See Iqbal*, 556 U.S. 662. Plaintiff describes the effect of Defendants' alleged conduct upon his mental and emotional state in paragraph 107 of his amended complaint. He states that he suffered "symptoms of stress, such as, constant fatigue, low energy level, bad breath, sweaty hands or feet, constant inner tension, inability to sleep, moodiness, irritability and restlessness, chronic worrying, anxiety, inability to relax and increase in defensiveness." (Am. Compl. ¶ 107.)

The showing required for "severe emotional distress" is more than mere humiliation and worry. *See Jolly v. Academy Collection Serv.*, 400 F. Supp. 2d 851, 866 (M.D.N.C. 2005). Examples of severe emotional distress are neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so. *Id*. Plaintiff fails to allege facts that allow this Court to reasonably infer that he became disabled due to Defendants' conduct. To the contrary, Plaintiff alleges that he graduated from the School. Moreover, North Carolina courts have found that the failure to seek medical treatment may

prevent the plaintiff from showing severe emotional distress. *Fox-Kirk v. Hannon*, 142 N.C. App. 267, 281, 542 S.E.2d 346, 356 (2001). Plaintiff fails to allege facts that allow this Court to reasonably infer that he sought medical treatment because of Defendants' conduct that he otherwise would not have sought.

Accordingly, for all of these reasons, Plaintiff's claim of intentional infliction of emotional distress should be dismissed.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants' motion to dismiss (Docket No. 18) be granted and that this action be dismissed with prejudice.

**IT IS ORDERED** that Plaintiff's "motion for leave of absence" (Docket No. 30) is **GRANTED.**

                                                  /s/ P. Trevor Sharp
                                             United States Magistrate Judge

Date: November 16, 2011